UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEAN NALLS, | |
| Petitioner, | |
| v. | CIVIL ACTION NO. 1:23-CV-04501-JPB |
| SHAWN EMMONS, | |
| Respondent. | |

## ORDER

This matter is before the Court on the Magistrate Judge's Final Report and Recommendation [Doc. 10]. This Court finds as follows:

## BACKGROUND

On March 19, 2013, a jury convicted Sean Nalls ("Petitioner") of various crimes, including malice murder. See Nalls v. State, 815 S.E.2d 38 (Ga. 2018). By way of background, Petitioner was convicted for his participation in a shoot-out that occurred in an Atlanta apartment during a drug deal. Id. at 42. William Hughes was killed in the shoot-out. Id. The evidence at Petitioner's trial showed that after Petitioner and his co-defendant opened fire, Hughes returned fire and hit Petitioner and another man. Id. After the incident, Petitioner's co-defendant dropped Petitioner and the other man at Grady Memorial Hospital ("Grady"). Id. At Grady, police seized Petitioner's clothes. Id.

On October 3, 2023, Petitioner filed the instant 28 U.S.C. § 2254 petition (the "Petition"). [Doc. 1-1]. In the Petition, Petitioner argues that he is entitled to habeas relief on the following grounds: (1) ineffective assistance of (a) trial counsel for failing to object to the introduction of the seized clothes and (b) appellate counsel for failing to raise the claim on appeal; (2) ineffective assistance of appellate counsel for failing to raise a chain of custody defense; (3) ineffective assistance of (a) trial counsel for failing to object to a police officer's testimony and (b) appellate counsel for failing to raise the claim on appeal; and (4) ineffective assistance of (a) trial counsel for failing to object when the State argued facts not in evidence and (b) appellate counsel for failing to raise the claim on appeal.

The Magistrate Judge issued a Final Report and Recommendation on December 27, 2023, wherein she recommended denying the Petition. [Doc. 10]. In short, the Magistrate Judge determined that Grounds 1(a), 3(a) and 4(a), which all involve the alleged ineffectiveness of trial counsel, were procedurally defaulted and that Petitioner failed to show good cause to lift the procedural bar. As to the remainder of Petitioner's grounds for relief, the Magistrate Judge found that this Court must, under § 2254(d), defer to the state habeas court's reasonable determinations that Petitioner is not entitled to relief on those claims.

Petitioner filed objections to the Report and Recommendation on January 9, 2024. [Doc. 12]. The matter is now ripe for review.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected-to portion under a "clearly erroneous" standard. Notably, a party objecting to a recommendation "must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). Placing this burden on the objecting party "'facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act.'" United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting Nettles v. Wainwright, 677 F.2d 404, 409–10 (5th Cir. Unit B 1982)).

## DISCUSSION

1. **Grounds 1 and 2**

Petitioner's Grounds (1)(a), (3)(a) and (4)(a)—the claims that the Magistrate Judge determined were procedurally defaulted—all raise claims of ineffective assistance of trial counsel.[1] Petitioner's Grounds (1)(b), (3)(b) and (4)(b) raise the corresponding claims that appellate counsel was ineffective for failing to raise the claims of ineffective assistance of trial counsel. Petitioner does not challenge the determination that he failed to raise the ineffective assistance of trial counsel claims in his appeal and that they were thus defaulted in the state habeas court. Instead, he argues that the procedural bar should be lifted. See [Doc. 10, pp. 11–12] (discussing the requirements for lifting a procedural bar by establishing cause and prejudice or a miscarriage of justice). Ultimately, the trial counsel and appellate counsel ineffectiveness claims all rely on each other, and if one fails, the corresponding claim fails as well.

Grounds 1 and 2 involve the police's seizure of Petitioner's clothes from Grady. Petitioner contends that his trial counsel was ineffective because he should have been more thorough in objecting to the seizure of his clothes. Petitioner

---

[1] This Court refers to and adopts the Magistrate Judge's discussion of the standard for evaluating claims of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984) [Doc. 10, pp. 13–15], to which Petitioner has not objected.

further asserts that his trial counsel should have done more to prevent the clothes from being introduced into evidence.  According to Petitioner, the clothes were illegally seized, and the state failed to properly establish the chain of custody related to the clothes.  In objecting to the Magistrate Judge's determination that the state habeas court reasonably determined that appellate counsel was not deficient for failing to raise these claims on appeal, Petitioner promotes a very narrow view of the trial evidence related to the admission of this evidence.  Indeed, Petitioner asserts that the police officer who testified that he seized the clothes "could not even identify the clothes or the bag [in which the clothes were stored] to establish that he collected them."  [Doc. 12, p. 5].  However, during the trial, the prosecutor handed the officer the bag, and the officer positively identified it as the bag containing Petitioner's clothes that he collected at Grady.  [Doc. 1-11, pp. 49, 52, 55–56].

    This Court agrees with the state court that Petitioner cannot demonstrate that his counsel was deficient for failing to challenge the seizure of his clothes.  The officer testified that he discovered the clothes in the trauma room where Petitioner was treated before surgery.  There is no dispute that the police officer was lawfully in an unoccupied trauma room, and, because Petitioner had been shot, his clothes were clearly evidence of a crime.  As a result, the officer was authorized to seize

5

the clothes under the plain-view doctrine.  United States v. Smith, 459 F.3d 1276, 1290 (11th Cir. 2009); Texas v. Brown, 460 U.S. 730, 741–42 (1983) ("The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity.").  The Court thus finds that Petitioner's counsel had no reasonable basis to challenge the seizure of his clothes.

Regarding Petitioner's chain of evidence claim related to the bag of clothes, Petitioner contends that no testimony tied Petitioner to the bag.  [Doc. 12, p. 8].  However, as just noted, the police officer testified that he seized the bag from the trauma room where Petitioner was treated before surgery.  [Doc. 1-11, pp. 49, 52, 55-56].  Importantly, Petitioner failed to show that anyone else entered the room or provided a reasonable explanation as to how the clothes could belong to someone else.  Moreover, Petitioner's trial counsel did, in fact, raise a chain-of-custody objection when the prosecution sought to enter the bag of clothes into evidence, which the trial court promptly overruled.  [Doc. 1-11, p. 63].  It is thus clear that there was no valid chain-of-custody challenge to the clothes, and trial counsel cannot be deemed ineffective for failing to raise a challenge that he did, in fact, raise.

Petitioner further challenges the state court's conclusion that Petitioner failed to show prejudice because the remaining evidence (other than Petitioner's clothes) was sufficient to establish Petitioner's guilt.  While this Court acknowledges that the prosecution did focus on the evidence of Petitioner's clothes,[2] this Court agrees that other evidence presented at the trial fully supports Petitioner's guilt.  That evidence includes the fact that Petitioner was shot at the same time and in the same apartment complex as the shoot-out; witnesses saw him after he left the apartment and he appeared injured; he was seen riding in and being dropped off at the hospital from a specific car, and police searched that car and found a woman's purse that was stolen from the apartment at the time the shoot-out occurred.  Nalls, 815 S.E.2d at 42.  These facts support Petitioner's guilt, and, given the deference accorded to the state court's determinations under § 2254(d), this Court cannot conclude that the result reached by the state court was unreasonable.  This Court thus agrees with the Magistrate Judge that Petitioner's claims related to the seizure of his clothes fail.

---

[2] Notably, the clothes seized included a pair of camouflage shorts, and witnesses to the shoot-out testified that one of the men who opened fire at the apartment was wearing such shorts.  Nalls, 815 S.E.2d at 42.

7

### 2. Ground 3

In his Petition, Petitioner claims that trial counsel was ineffective because he failed to object to certain testimony from a police detective. The testimony involved how the detective decided to eliminate a potential suspect based on cell phone records. According to Petitioner, the detective was not an expert on cell phone geolocation, and trial counsel should have objected to the testimony and requested a mistrial. Petitioner further points out that trial counsel's theory of defense was that the eliminated suspect—an individual known as "Crack"—was the actual culprit, and the detective's testimony undermined that theory.

The state habeas court determined that Petitioner failed to show deficient performance by appellate counsel because trial counsel for both Petitioner and his co-defendant

> sufficiently addressed the questions that would go to the weight of the detective's testimony. Namely, the cross-examination of Detective Demeester established that cell phone records speak to the location of a cell phone only, and do not indicate . . . Hill's location in relation to the cell phone. Also, the co-defendant's cross-examination highlighted that the detective was not an expert in cell phone records.

[Doc. 1-15, p. 21].

The state habeas court further found that Petitioner failed to demonstrate prejudice "due to the significant other evidence of Petitioner's guilt." Id. at 22.

The Magistrate Judge determined that this Court must, under § 2254(d), defer to the state court's reasonable determinations.

Petitioner contends that the jury was deprived of significant information regarding the unreliability of cell tower data and that trial counsel should have forced the officer to provide more analysis to show that the data actually did show that Crack was not at the apartment at the time of the shoot-out. As discussed above, this Court must defer to the prejudice analysis by the state court, which found that given the significant evidence of Petitioner's guilt, Petitioner could not show that trial counsel's failure to further challenge the cell phone location testimony prejudiced him. Moreover, Petitioner has not provided any basis for this Court to determine that the officer's testimony was inaccurate. Petitioner's habeas corpus counsel could have hired an expert to show, for example, that the cell tower data put Crack at the apartment or that the data was questionable or unreliable. In the absence of such evidence, it is entirely speculative as to whether it would have made any difference if trial counsel had mounted a more vigorous challenge to the cell phone data.

Petitioner also ignores that the cell tower data was not the only reason that Crack was excluded as a suspect. Indeed, the police officer eliminated Crack as a suspect because he is confined to a wheelchair [Doc. 1-11, p. 79], casting serious

doubt on the theory that Crack was in a second-floor apartment engaging in a shoot-out.

3. **Ground 4**

Petitioner claims that his trial counsel was ineffective for failing to object to the State's closing argument when the State allegedly argued facts that were not in evidence. Petitioner primarily takes issue with the following: "Now, what did Ms. Bobbitt say. The man with the gun in the camouflaged shorts sitting right over there [referring to Petitioner], took my purse," and "I'd submit to you, those are the only two gunmen. No one else saw anyone leave that apartment. Mr. Render saw those two come down the stairs." [Doc. 1-11, pp. 147, 151].

Petitioner argues that these statements were improper because none of the witnesses testified that they saw Petitioner in the apartment. The Court disagrees. During closing argument, an attorney is permitted to raise reasonable inferences supported by the evidence. United States v. Braithwaite, 709 F.2d 1450, 1456 (11th Cir. 1983) (finding that a prosecutor may make arguments based on reasonable inferences to be drawn from trial evidence). In this case, a witness who was inside the apartment at the time of the shoot-out testified that one of the shooters was wearing camouflage pants or shorts. [Doc. 1-10, p. 69]. As already discussed, the evidence showed that Petitioner was wearing camouflage shorts

when he arrived at the hospital. [Doc. 1-11, p. 63]. As the state habeas court concluded, it is thus a reasonable inference for the prosecutor to argue that Petitioner was one of the shooters at the apartment. Ultimately, the Court finds that Petitioner has failed to show that the state court's conclusion was unreasonable under § 2254(d).

## CONCLUSION

After reviewing the entirety of the Final Report and Recommendation and considering the objections, the Final Report and Recommendation [Doc. 10] is **ADOPTED** as the order of this Court. For the reasons stated by the Magistrate Judge and the reasons discussed herein, the Petition is **DENIED**. This Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 16th day of December, 2024.

J. P. BOULEE
United States District Judge